UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADDISON J. DEMOURA, *et al.*, | No. 1:09-CV-01344-OWW-GSA |
| Plaintiffs, | MEMORANDUM DECISION AND ORDER RE: DEFENDANTS' MOTION TO DISMISS (DOC. 27.) |
| v. | |
| ANDREW J. FORD, et al. | |
| Defendant. | |

### INTRODUCTION

On July 31, 2009, Plaintiffs filed a complaint in United States District Court for the Eastern District of California, alleging eight causes of action against Tuolumne County Sherriff's Deputies Andrew Ford ("Ford") and Gary Guffey ("Guffey"), Stanislaus County Sherriff's Deputies William Pooley ("Pooley") and Jason Tosta ("Tosta"), the County of Stanislaus ("Stanislaus"), the County of Tuolumne ("Tuolumne"), and the City of Oakdale ("Oakdale").  (Doc. 1.)

Plaintiffs allege (1) unlawful search; (2) excessive force; (3) Conspiracy under 42 U.S.C. §§ 1983 and 1985; (4) failure to adequately train and supervise agents; (5) Presenting a false affidavit in support of a search warrant; (6) assault; (7)

PDF created with pdfFactory trial version www.pdffactory.com

battery; (8) damages and equitable relief under Cal. Civ. Code § 52 et seq. (Doc. 1.)

Before the court for decision is Defendants' motion to dismiss pursuant Federal Rule Civil Procedure 12(b)(6). (Doc. 27.) Plaintiffs oppose. (Doc. 29.) The matter came on for hearing in Courtroom 3 (OWW) on June 28, 2010, at 10:00 a.m.

## BACKGROUND

This is a civil rights action filed by Addison Demoura, Jessica Demoura, and John Doe (a minor suing through his father, Addison Demoura).

Plaintiffs were involved in the operation of a medical marijuana dispensary authorized under California law. On July 31, 2007, Defendants Ford, Guffey, Pooley, and Tosta executed a search warrant for Plaintiffs' residence. (Doc. 1 at ¶ 20.) Plaintiffs were detained while the residence was searched. *Id*. Plaintiffs' eight causes of action result from the events surrounding the issuance and execution of the search warrant.

Plaintiffs allege that the search warrant for their residence was based on false information and/or material omissions. (Doc. 1 at ¶ 16.) As a result, they claim to have been subject to an unlawful search in violation of their Fourth Amendment rights. They further allege that excessive force was used during the execution of the warrant in violation of the Fourth Amendment. (Doc. 1 at ¶ 20.) Plaintiffs allege that the

2

PDF created with pdfFactory trial version www.pdffactory.com

officers' actions were a direct result of local efforts to eradicate medical marijuana dispensaries.

## STANDARDS OF DECISION

Dismissal under Rule 12(b)(6) is appropriate where the complaint lacks sufficient facts to support a cognizable legal theory.  *Balistreri v. Pacifica Police Dep't,* 901 F.2d 696, 699 (9th Cir. 1988).  To sufficiently state a claim for relief and survive a 12(b)(6) motion, the pleading "does not need detailed factual allegations" but the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007).  Mere "labels and conclusions" or a "formulaic recitation of the elements of a cause of action will not do." *Id.* Rather, there must be "enough facts to state a claim to relief that is plausible on its face."  *Id.* at 570.  In other words, the "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1949 (2009) (internal quotation marks omitted).[1]  The Ninth Circuit has summarized the governing standard, in light of *Twombly* and *Iqbal*, as follows: "In sum, for a complaint to survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences from that

---

[1] The cases cited by Plaintiffs for the applicable standard under Rule 12(b)(6) are outdated, as they pre-date *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

PDF created with pdfFactory trial version www.pdffactory.com

content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.,* 572 F.3d 962, 969 (9th Cir. 2009) (internal quotation marks omitted). Apart from factual insufficiency, a complaint is also subject to dismissal under Rule 12(b)(6) where it lacks a cognizable legal theory, *Balistreri,* 901 F.2d at 699, or where the allegations on their face "show that relief is barred" for some legal reason, *Jones v. Bock,* 549 U.S. 199, 215 (2007).

In deciding whether to grant a motion to dismiss, the court must accept as true all "well-pleaded factual allegations" in the pleading under attack. *Iqbal,* 129 S. Ct. at 1950. A court is not, however, "required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors,* 266 F.3d 979, 988 (9th Cir. 2001); *see, e.g., Doe I v. Wal-Mart Stores, Inc.,* 572 F.3d 677, 683 (9th Cir. 2009). "When ruling on a Rule 12(b)(6) motion to dismiss, if a district court considers evidence outside the pleadings, it must normally convert the 12(b)(6) motion into a Rule 56 motion for summary judgment, and it must give the nonmoving party an opportunity to respond." *United States v. Ritchie,* 342 F.3d 903, 907 (9th Cir. 2003). "A court may, however, consider certain materials -- documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice-without converting

4

PDF created with pdfFactory trial version www.pdffactory.com

the motion to dismiss into a motion for summary judgment." *Id.* at 908.

## ANALYSIS

### A. CAUSES OF ACTION AGAINST OAKDALE

Defendants move to dismiss the causes of action against the City of Oakdale on the grounds that Plaintiffs do not allege a constitutional violation by any Oakdale employee. (Doc. 27 at 6:15-17.)

Plaintiffs note that their complaint contains allegations against DOES 1 through 40. Since the filing of the Complaint, Plaintiffs discovered that two of the search warrant affidavits indicate that employees with the Oakdale Police department were involved in the investigation that established probable cause and the execution of the search warrant. (Doc. 29 at 11-12.) However, the Complaint contains no such allegations.

Alternatively, Plaintiffs assert that Oakdale had a local policy to "not recognize medical marijuana dispensaries," and that the search warrant was executed in furtherance of Oakdale's policy and goal of eradicating such dispensaries. Plaintiffs maintain that any such policy is preempted by the Medical Marijuana Program and California Health and Safety Code § 11362.83, and appear to assert that, because Oakdale's policy against medical marijuana dispensaries is preempted by state law, the justification for probable cause given in the search warrant

5

PDF created with pdfFactory trial version www.pdffactory.com

affidavits was invalid.

Plaintiffs' theory is not totally baseless.  *Allen v. Kumagi*, 356 Fed. Appx. 8, 2009 WL 3416113 (9th Cir. 2009), held that "the officers' knowledge of [plaintiffs] medical authorization may be relevant to whether they had probable cause to believe he had committed a crime."  *Id*. at *9.  Accordingly, if the officers knew of Plaintiffs' status as a medical marijuana user or dispenser, but deliberately omitted such information from their search warrant affidavit, a constitutional claim may exist.  However, Plaintiffs do not allege such a claim in their Complaint.  Nor does this theory connect any employee of the city of Oakdale to the constitutional violation.

Plaintiffs cannot state a claim against the City of Oakdale without alleging a sufficient Monell claim, as there is no vicarious liability under the Civil Rights Act.  If Plaintiffs assert that any defendant deliberately omitted material information pertaining to Plaintiffs' status as a medical marijuana dispensary from the search warrant affadavit, Plaintiffs must clearly articulate such a claim in any amended complaint.

Defendants' motion to dismiss the causes of action against City of Oakdale is GRANTED WITH LEAVE TO AMEND.

B.  STATUTE OF LIMITATIONS

Causes of action under 42 U.S.C. § 1983 must be brought

6

PDF created with pdfFactory trial version www.pdffactory.com

within the forum's state's statute of limitations for personal injury torts.  *Wilson v. Garcia*, 471 U.S. 261 (1985).  In California, the statute of limitations for personal injury torts is two years.  Cal. Code Civ. P. § 335.1.

The Complaint alleges that the search warrant was executed on July 25, 2007.  This action was filed on July 31, 2009, more than two years later.  (Doc. ¶ 19.)  Plaintiffs now assert that the Complaint's allegation that the search occurred on July 25, 2007 was a clerical error, and that the search warrant was actually executed on July 31, 2007.  If this is true, Plaintiffs must explain this factual conflict in an amended complaint.

The motion to dismiss on statute of limitations grounds is **GRANTED WITH LEAVE TO AMEND.**

C.   <u>Municipal Liability.</u>

Defendants contend that Plaintiffs failed to allege any facts sufficient to sustain municipal liability.  (Doc. 27 at 8:12-13.)  Local governments are "persons" subject to suit for "constitutional tort[s]" under 42 U.S.C. § 1983.  *Haugen v. Brosseau,* 339 F.3d 857, 874 (9th Cir. 2003) (citing *Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 691 n. 55 (1978)).  "[T]he legislative history of the Civil Rights Act of 1871 compels the conclusion that Congress did intend municipalities and other local government units to be included among those persons to whom § 1983 applies."  *Id.* at 690.  These bodies "can be sued directly

PDF created with pdfFactory trial version www.pdffactory.com

under § 1983 for monetary, declaratory, or injunctive relief where, as here, the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers ... [or for] deprivations visited pursuant to governmental 'custom' even though such a custom has not received formal approval through the body's official decision making channels." *Id.* at 690-91.

A local government's liability is limited. Although a local government can be held liable for its official policies or customs, it will not be held liable for an employee's actions outside of the scope of these policies or customs.

> [T]he language of § 1983, read against the background of the same legislative history, compels the conclusion that Congress did not intend municipalities to be held liable unless action pursuant to official municipal policy of some nature caused a constitutional tort. In particular, ... a municipality cannot be held liable solely because it employs a tortfeasor, in other words, a municipality cannot be held liable under § 1983 on a respondeat superior theory.

*Monell,* 436 U.S. at 691. The statute's "language plainly imposes liability on a government that, under color of some official policy, 'causes' an employee to violate another's constitutional rights." *Id.* at 692.

To establish municipal liability, a plaintiff must prove the

PDF created with pdfFactory trial version www.pdffactory.com

existence of an unconstitutional municipal policy.  *Haugen,* 351 F.3d at 393.

> [I]t is when execution of a government's policy or custom, whether made by its law-makers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983."

*Monell,* 436 U.S. at 694.

To prevail in a civil rights claim against a local government under *Monell,* a plaintiff must satisfy a three-part test: (1) the local government official(s) must have intentionally violated the plaintiff's constitutional rights; (2) the violation must be a part of policy or custom and may not be an isolated incident; and (3) there must be a link between the specific policy or custom to the plaintiff's injury.  *Id.* at 690-92.

As alternatives to proving the existence of a policy or custom of a municipality, a plaintiff may show: (1) "a longstanding practice or custom which constitutes the 'standard operating procedure' of the local government entity;" (2) "the decision-making official was, as a matter of state law, a final policymaking authority whose edicts or acts may fairly be said to represent official policy in the area of decision;" or (3) "the official with final policymaking authority either delegated that authority to, or ratified the decision of, a subordinate."

9

PDF created with pdfFactory trial version www.pdffactory.com

*Menotti v. City of Seattle,* 409 F.3d 1113, 1147 (9th Cir. 2005). The Ninth Circuit has held that a municipal policy "may be inferred from widespread practices or evidence of repeated constitutional violations for which the errant municipal officers were not discharged or reprimanded." *Id.*

Plaintiffs allege causes of actions against Stanislaus County, City of Oakdale, and Tuolumne County for municipal liability. In their opposition, Plaintiffs' maintain there is sufficient evidence to show Stanislaus, Oakdale, and Tuolumne have "a 'longstanding policy and practice' to violate fourth amendment rights of person engaged in medical marijuana collectives." (Doc. 29 23:5-8.)  However, the Complaint contains no such allegations.

Moreover, Plaintiffs cannot use 42 U.S.C. § 1983 to maintain a generic challenge against a municipality's policy against medical marijuana. *See Allen,* 356 Fed. Appx. 8, 2009 WL 3416113 at *9 ("[Plaintiff] cannot use § 1983 to vindicate his purported state-law right to use marijuana for medical purposes, the officers' knowledge of his medical authorization may be relevant to whether they had probable cause to believe he had committed a crime.")  However, this does not preclude a claim based upon a pattern and practice of officers deliberately omitting from their search warrant affidavits information about a plaintiff's status as a medical marijuana user or dispenser under state law.

10

PDF created with pdfFactory trial version www.pdffactory.com

Defendants' motion to dismiss the first, second, and third cause of action against Stanislaus, Oakdale, and Tuolumne is GRANTED WITH LEAVE TO AMEND.

### D. IMMUNITY FROM PUNITIVE DAMAGES

Plaintiffs demand punitive damages against public entity Defendants Stanislaus, Oakdale, and Tuolumne. (Doc. 1.) Defendants' motion to dismiss this allegation may be treated as a motion to strike. *Wilkerson v. Butler*, 229 F.R.D. 166, 172 (E.D. Cal. 2005).

Federal Rule of Civil Procedure 12(f) provides that "redundant, immaterial, impertinent, or scandalous matters" may be "stricken from any pleading." Fed. R. Civ. P. 12(f). Motions to strike are disfavored and infrequently granted. *See Pease & Curran Ref., Inc. v. Spectrolab, Inc.,* 744 F. Supp. 945, 947 (C.D. Cal. 1990), abrogated on other grounds by *Stanton Road Ass'n v. Lohrey Enters.,* 984 F.2d 1015 (9th Cir. 1993). "[M]otions to strike should not be granted unless it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation. *Colaprico v. Sun Microsystems, Inc.,* 758 F. Supp. 1335, 1339 (N.D. Cal. 1991) (citation omitted).

While punitive damages are available in actions against a local government official in his or her personal capacity, they are not available in action against municipality under 42 U.S.C.

11

PDF created with pdfFactory trial version www.pdffactory.com

§ 1983. *City of Newport v. Facts Concert, Inc.,* 453 U.S. 247 (1981). The public entity Defendants are thus immune from punitive damages. Defendants' Motion to Strike Punitive Damages against Stanislaus, Oakdale, and Tuolumne is unopposed by Plaintiff. Plaintiffs have acknowledged the law and abandoned any claim for punitive damages against the public entities.

Defendants' motion to strike the punitive damages claims against Stanislaus, Oakdale, and Tuolumne is GRANTED.

E.   SECTION 1983 CONSPIRACY CLAIM

Conspiracy claims are subject to a heightened pleading standard. *See Harris v. Roderick,* 126 F.3d 1189, 1195 (9th Cir. 1997). To survive a motion to dismiss, a plaintiff alleging the existence of a conspiracy must meet a standard that is more demanding than that set forth in Federal Rule of Civil Procedure 8(a)(2).

> In order to survive a motion to dismiss, plaintiffs alleging a conspiracy to deprive them of their constitutional rights must include in their complaint nonconclusory allegations containing evidence of unlawful intent or face dismissal prior to the taking of discovery. These allegations may be supported by either direct or circumstantial evidence. This standard is not intended to be difficult to meet as it serves the limited purpose of enabling the district court to dismiss insubstantial suits prior to discovery and allowing the defendant to prepare an appropriate response, and where appropriate, a motion for summary judgment based on qualified immunity.

*Id.* at 1195. In *Harris,* the complaint alleged that the defendant

12

PDF created with pdfFactory trial version www.pdffactory.com

law enforcement officers "met separately and apart from the other [officers], and constructed a false story about what had happened in the gunfight, which false story was designed to conceal their own and [others'] criminal, civil, and moral responsibility for [two] deaths...." The *Harris* complaint also alleged that the defendant officers repeated the false story in official documents, reports, and under oath in court proceedings. Finally, the plaintiff in *Harris* alleged that the falsehoods led "ultimately to the bringing of false charges against him that resulted in the federal murder trial at which he was acquitted on all counts [and] caused him to serve time in jail awaiting trial on the federal charges." The Ninth Circuit held that this complaint satisfied the heightened pleading standard. Critically, the complaint in Harris explained *"which defendants conspired, how they conspired and how the conspiracy led to a deprivation of his constitutional rights...." Id.* at 1196 (emphasis added).

The complaint in this case alleges "Defendants acted in concert to commit an individual act, or a lawful act by unlawful means, to deprive plaintiff of a protected right and to inflict a wrong against or injury upon Plaintiffs." (Doc. 1 at ¶ 37.) These are conclusions of law. Plaintiff alleges generally that "Defendants" conspired together without providing any factual detail as to the nature of the alleged conspiracy. The allegation does not specify "which defendants conspired, how they

13

PDF created with pdfFactory trial version www.pdffactory.com

conspired and how the conspiracy led to a deprivation of his constitutional rights...." *Id.* at 1196.

Defendants motion to dismiss is GRANTED WITH LEAVE TO AMEND.

F.   SECTION 1985 CONSPIRACY CLAIM

Plaintiff's conspiracy claim attempts to invoke 42 U.S.C. § 1985(3), which prohibits conspiracies to interfere with civil rights. Elements of a 1985(3) claim are: (1) existence of a conspiracy to deprive Plaintiff of equal protection under the law; (2) an act in furtherance of the conspiracy; and (3) a resulting injury. *Addisu v. Fred Meyer, Inc.,* 198 F.3d 1130, 1141 (9th Cir. 2000) *(citing Scott v. Ross,* 140 F.3d 1275, 1284 (9th Cir. 1998)).

An essential requirement for a 1985(3) claim is that there must be some racial or otherwise class-based "invidious discriminatory animus" for the conspiracy. *Bray v. Alexandria Women's Health Clinic,* 506 U.S. 263, 268-69 (1993) *(citing Griffin v. Breckenridge,* 403 U.S. 88, 102 (1971)). Section 1985(3) was not meant to apply to all tortious conspiracies to deprive the rights of another. *Id.* Section 1985(3) does not extend to classes beyond race unless that class can show that the government has determined that class members "require and warrant special federal assistance in protecting their civil rights." *Orin v. Barclay,* 272 F.3d 1207, 1217 n. 4 (9th Cir.2001). "More specifically, we require 'either that the courts have designated

14

the class in question a suspect or quasi-suspect classification requiring more exacting scrutiny or that Congress has indicated through legislation that the class required special protection." *Sever v. Alaska Pulp Corp.*, 978 F.2d 1529, 1536 (9th Cir. 1992).

Plaintiffs do not allege a racially-motivated animus, nor that they are members of a class that requires special federal protection.  In their opposition, Plaintiffs assert that "[i]n the State of California, both California voters through the CUA, and the California Legislature through the enactment of the Medical Marijuana Program Act recognized a class of persons, who use marijuana for medical purposes." (Doc. 29 at 24:16-18.) Plaintiffs cite no legal authority, nor does it appear that any authority exists, to support the proposition that California medical marijuana users are a protected class under 42 U.S.C. § 1985(3).  To the contrary, marijuana remains a schedule I controlled substance, use and trafficking is what is criminalized under federal law.

Defendants' motion to dismiss the conspiracy claim is GRANTED WITH LEAVE TO AMEND.

## CONCLUSION

For the reasons set forth above,

Defendants' motion to dismiss is GRANTED IN ITS ENTIRETY WITH LEAVE TO AMEND.  Plaintiffs shall have 30 days from the date

15

PDF created with pdfFactory trial version www.pdffactory.com

of electronic service of this memorandum decision and order to file an amended complaint.  Defendants shall have 30 days to respond.

IT IS SO ORDERED.

DATED:  July 2, 2010.

                                              /s/ Oliver W. Wanger
                                                  Oliver W. Wanger
                                          United States District Judge

16

PDF created with pdfFactory trial version www.pdffactory.com