**J. David Nick** (SB#157687)
345 Franklin Street
San Francisco CA, 94102
Tel: (415) 552-4444
Fax: (415) 358-5897

**E. D. Lerman** (SB#241471)
695 South Dora Street
Ukiah CA, 95482
Tel: (707) 468-8300
Fax: (707) 937-2209

**Rebecca P. Mendribil** (SB# 262840)
414 Aviation Blvd
Santa Rosa, CA 95403
Tel: (707) 528-2082
Fax: (707) 578-3140

Attorney for Plaintiffs

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA
FRESNO DIVISION

* * * * * *

| | |
|---|---|
| ADDISON J. DEMOURA, JESSICA DEMOURA, and JOHN DOE, a minor through Guardian ad Litem, ADDISON J. DEMOURA<br><br>Plaintiff,<br><br>vs.<br><br>ANDREW J. FORD, WILLIAM POOLEY, GARY GUFFEY, JASON TOSTA, COUNTY OF STANISLAUS, COUNTY OF TUOLUMNE, CITY OF OAKDALE, and DOES 1 through 40.<br><br>Defendants. | CASE NO.: 09-CV-01344 OWW (GSA)<br><br>**SECOND AMENDED COMPLAINT FOR DAMAGES FOR VIOLATION OF CIVIL RIGHTS AND DAMAGES FOR ASSAULT, BATTERY AND VIOLATIONS OF THE CALIFORNIA BANE ACT**<br><br>**DEMAND FOR JURY TRIAL** |

## INTRODUCTION

1. This case arises out of a police invasion and search of Plaintiffs' residence without probable cause, and an assault and battery of all plaintiffs by law enforcement officers with the use of deadly weapons. This lawsuit involves a conspiracy by the above named defendant law enforcement officers to violate Plaintiffs' right to be free from unlawful searches and seizures, by agreeing to present an affidavit in support for probable cause to a magistrate, which contained intentional material misstatements and intentional and/or reckless omissions, in order to obtain a series of search warrants, and using those search warrants, with knowledge of the fraudulent procurement and without any good faith belief in the validity of the warrants, to conduct searches of the Plaintiffs' persons, papers, residence and effects, and seizures of the persons and property, in wholesale violation of their Constitutional rights to be free from unlawful and unreasonable searches and seizures. Defendants have engaged in an ongoing pattern of callous, malicious and oppressive disregard for the rights of all citizens, and, as set forth specifically below, have deprived plaintiffs, and each of them, of their rights under color of authority.

2. This lawsuit involves an ongoing conspiracy and practice by the above named defendant law enforcement officers, who are members of the Oakdale Police Department, of engaging in acts of terrorism, psychologically torturing plaintiffs, including children, by smashing into plaintiffs' home, while dressed in black military strike team regalia with black ski masks, concealing their identity, then by physically torturing plaintiffs with automatic firearms by pointing and pressing the muzzle of their loaded firearms at and against plaintiffs, all of which amount to an unconstitutional use of excessive force.

## GENERAL ALLEGATIONS

### I.
### JURISDICTION

3. This action arises under the Civil Rights Act of 1871, 42 U.S.C. Sections 1983, and 1988, for violations of the Fourth, and Fourteenth Amendments to the Constitution of the

United States. This Court has jurisdiction of these claims under 28 U.S.C. Section 1331, 1332, 1343(3) 1343(4), 2201, and 2202, providing for original jurisdiction over claims arising from civil rights violations. This action also arises under the California Tort Claims Act (California Government Code[1] Code §§ 810 et seq), the California Bane Act (California Civil Code[2] § 52.1) and Article I, Sections 13, 15 and 17 of the California Constitution[3]. This court has pendent jurisdiction over the state claims.

## II.
## VENUE

4. Venue is appropriate in this Court under 28 U.S.C. Section 1391(b) as all of the acts and events giving rise to the claim occurred within this judicial district and the defendant resides within this judicial district.

## III.
## INTRADISTRICT ASSIGNMENT

5. The Fresno division of this Court is appropriate pursuant to Civil L.R. 3-120(d), as all of the acts and events giving rise to the claim occurred within the County of Stanislaus, California.

## IV.
## PARTIES

6. Plaintiff, ADDISON J. DEMOURA (hereinafter "ADDISON") was at all times mentioned herein a citizen of the United States, the State of California and a resident of the County of Stanislaus.

7. Plaintiff, JESSICA DEMOURA (hereinafter "JESSICA") was at all times mentioned herein a citizen of the United States, the State of California and a resident of the County of Stanislaus.

---

[1] California Government Code is hereinafter "CGC".

[2] California Civil Code is hereinafter "CCC".

[3] California Constitution is hereinafter "Cal Const".

8. Plaintiff, JOHN DOE was at all times mentioned herein a citizen of the United States, the State of California and a resident of the County of Stanislaus. Since Plaintiff is a person of tender age, a minor under eighteen years of age, who has suffered physical and psychological trauma as a result of the use excessive force during an alleged police drug enforcement action, said exceptional circumstances require said Plaintiff to use fictitious name in order to maintain his privacy. Plaintiff, JOHN DOE, is suing Defendants herein through his father, ADDISON J. DEMOURA, Guardian ad Litem.

9. Defendant, COUNTY OF STANISLAUS (hereinafter "STANISLAUS") is a political subdivision of the State of California.

10. Defendant, COUNTY OF TUOLUMNE (hereinafter "TUOLUMNE") is a political subdivision of the State of California.

11. Defendant, CITY OF OAKDALE (hereinafter "OAKDALE") is a city incorporated in the State of California, which was incorporated under the laws of the State of California.

12. Defendant, CENTRAL VALLEY HIGH INTENSITY DRUG TRAFFICKING AREA TASK FORCE (hereinafter “HIDTA”), previously designated as DOE 39, is an agency formed under Government Code Section 6508, which operates within the COUNTY OF STANISLAUS.

13. Defendant, STANISLAUS DRUG ENFORCEMENT AGENCY (hereinafter “SDEA”), previously designated as DOE 40, is an agency formed under Government Code Section 6508, which operates within the COUNTY OF STANISLAUS.

14. Defendants, ANDREW J. FORD (hereinafter “FORD”), GARY GUFFEY, (hereinafter “GUFFEY”), and DOES 1 - 10 were employed by the TUOLUMNE COUNTY SHERIFF’S DEPARTMENT at the time Plaintiffs were searched, assaulted, battered, arrested and incarcerated and are sued herein in their individual capacities, as they were acting according to individual and/or official capacities, in the course and scope of their duty, and in performing all of the acts alleged herein, said Defendants acted under color of state law and under the

official policy, custom and practice of TUOLUMNE COUNTY SHERIFF'S DEPARTMENT.

15. Defendants, ANDREW J. FORD (hereinafter "FORD"), GARY GUFFEY, (hereinafter "GUFFEY"), JASON TOSTA (hereinafter "TOSTA) and DOES 1 - 38 were also employed by the STANISLAUS DRUG ENFORCEMENT AGENCY (hereinafter "SDEA"), as agents of the SDEA, at the time Plaintiffs were searched, assaulted, battered, arrested and incarcerated and are sued herein in their individual capacities, as they were acting according to individual and/or official capacities, in the course and scope of their duty, and in performing all of the acts alleged herein, said Defendants acted under color of state law and under the official policy, custom and practice of STANISLAUS COUNTY DRUG ENFORCEMENT AGENCY.

16. Defendants, ANDREW J. FORD (hereinafter "FORD"), GARY GUFFEY, (hereinafter "GUFFEY") and DOES 1 - 38 were also employed by the STANISLAUS COUNTY SHERIFF'S DEPARTMENT, and acting as agents thereof, at the time Plaintiffs were searched, assaulted, battered, arrested and incarcerated and are sued herein in their individual capacities, as they were acting according to individual and/or official capacities, in the course and scope of their duty, and in performing all of the acts alleged herein, said Defendants acted under color of state law and under the official policy, custom and practice of STANISLAUS COUNTY SHERIFF'S DEPARTMENT.

17. Defendants, ANDREW J. FORD (hereinafter "FORD"), GARY GUFFEY, (hereinafter "GUFFEY"), JASON TOSTA (hereinafter "TOSTA) and DOES 1 - 38 were also employed by the CENTRAL VALLEY HIGH INTENSITY DRUG TRAFFICKING AREA TASK FORCE (hereinafter "HIDTA"), as agents of the HIDTA, at the time Plaintiffs were searched, assaulted, battered, arrested and incarcerated and are sued herein in their individual capacities, as they were acting according to individual and/or official capacities, in the course and scope of their duty, and in performing all of the acts alleged herein, said Defendants acted under color of state law and under the official policy, custom and practice of CENTRAL VALLEY HIGH INTENSITY DRUG TRAFFICKING AREA TASK FORCE.

18. Defendants, WILLIAM POOLEY[4] (hereinafter "POOLEY"), JASON TOSTA (hereinafter "TOSTA") and DOES 11 - 20 were employed by the STANISLAUS COUNTY SHERIFF'S DEPARTMENT at the time Plaintiffs were searched, assaulted, battered, arrested and incarcerated and are sued herein in their individual capacities, as they were acting according to individual and/or official capacities, in the course and scope of their duty, and in performing all of the acts alleged herein, said Defendants acted under color of state law and under the official policy, custom and practice of STANISLAUS COUNTY SHERIFF'S DEPARTMENT.

19. The true names of Defendants DOES 21 through 30 are unknown to the Plaintiffs. DOES 21 - 30 were employed by the Oakdale Police Department at the time Plaintiffs were searched, assaulted, battered, arrested and incarcerated and are sued herein in their individual capacities, as they were acting according to individual and/or official capacities, in the course and scope of their duty, and in performing all of the acts alleged herein, Defendants acted under color of state law and under the official policy, custom and practice of the Oakdale Police Department, and the CITY OF OAKDALE. Each of these fictitiously named parties has acted as agent of or in concert with the named defendants in the matters referred to herein and is responsible in some manner for the damages suffered by PLAINTIFFS. PLAINTIFFS will amend this complaint to add the names of such defendants when ascertained.

20. The true names and capacities of Defendants DOES 31 through 38 are unknown to the PLAINTIFFS. Each of these fictitiously named parties has acted as agent of or in concert with the named defendants in the matters referred to herein and is responsible in some manner for the damages suffered by Plaintiffs. Plaintiffs will amend this complaint to add the names and capacities of such defendants when ascertained.

21. On, July 25, 2007, FORD presented to a magistrate a Statement of Probable Cause in support of a search warrant for the search of Plaintiffs' residence and for a search of

---

[4] Plaintiff previously dismissed all causes of action against POOLEY, without prejudice. However in the event that plaintiffs discover facts through discovery and further investigation which would support a cause of action against defendant WILLIAM POOLEY, then plaintiffs may name WILLIAM POOLEY as a defendant and bring him back into the action. (DOC 48)

ADDISON's place of business which operated under the business name, Oakdale Natural Choice Collective (Hereafter "ONCC"). ONCC was located at 1275 East 'F' Street, Suite 9A, Oakdale, California. The affidavit in support of the search warrant contained material misstatements and omissions; and upon excision of the misstatements and omissions, the affidavit fails to allege sufficient credible evidence to establish probable cause to believe that evidence of criminal activity would be located within the locations to be searched, including Plaintiffs' residence.

22. FORD, POOLEY, GUFFEY, TOSTA and DOES 1 through 38 agreed to present to the magistrate the Statement of Probable Cause in support of a search warrant that was dated July 25, 2007, which contained material misstatements and omissions, and upon excision of the misstatements and omissions, the affidavit fails to allege sufficient credible evidence to establish probable cause to believe that evidence of criminal activity would be located within the locations to be searched, including Plaintiffs' residence, and the premises of ONCC.

23. FORD, POOLEY, GUFFEY, TOSTA and DOES 1 through 38 possessed knowledge that statements contained within the Statement of Probable Cause in support of Search Warrant that was dated July 25, 2007, were false, and that said Statement of Probable Cause also contained material statements knowingly and recklessly omitted, of which upon excision of the misstatements and omissions, the affidavit failed to allege sufficient credible evidence to establish probable cause to believe that evidence of criminal activity would be located within the locations to be searched, including Plaintiffs' residence, and the premises of ONCC. FORD, POOLEY, GUFFEY, TOSTA and DOES 1 through 38 agreed to omit known exculpatory evidence from said Statement of Probable Cause in an effort to deceive and mislead the magistrate into issuing the requested Search Warrant attached to PLAINTIFFS, their residence and ONCC.

24. On, July 31, 2007, TOSTA, FORD and DOES 1 through 38 executed the search warrant for PLAINTIFFS' residence.

25. On, July 31, 2007, TOSTA, FORD, and DOES 1 through 38 executed the search warrant for ONCC, entered ONCC, and searched the papers contained within ONCC and premises of ONCC.

26. In the original complaint filed in this action, Plaintiffs incorrectly alleged that the execution of the search warrants, search, assault and battery occurred on July 25, 2007. The incorrect, July 25, 2007 date was the result of a clerical error. The search, assault and battery occurred on July 31, 2007, as reported within the relevant search warrant returns and police reports, documenting the incident, and reporting that the incident occurred on July 31, 2007.

27. During the search of Plaintiffs' residence and persons, TOSTA, FORD and DOES 1 through 38 used law enforcement authority to execute the search warrants, effectuate the search, detention, of Plaintiffs with the use of handcuffs, and a threat of lethal force, and force involving the pressing of the muzzle of their automatic firearms against ADDISON's person, and pointing their automatic firearms at PLAINTIFFS as alleged herein.

28. At no time during the search of Plaintiffs and their residence did any of the officers have probable cause to search Plaintiffs or their residence.

29. Plaintiffs did not consent to their detention or search, nor did they resist in any manner.

30. At no time during the search of Plaintiffs and their residence did any of the officers have cause to point their loaded automatic firearms at Plaintiffs, or have cause to press the muzzles of their loaded automatic firearms against ADDISON'S body.

31. Plaintiffs did not consent to the use of force as alleged herein.

32. Plaintiffs did not consent to the searches as alleged herein.

33. The acts of the defendants that constitute deprivation of Plaintiffs' civil rights and are the basis of the claims in this action include, in part:

a. Denial of Fourth, and Fourteenth Amendment rights by unlawfully and wrongfully seizing Plaintiffs' person without probable cause, causing his unlawful

detention and incarceration on serious charges based on facts that they knew or should have known were false;

b. Denial of Fourth, and Fourteenth Amendment rights by knowingly and willfully submitting false affidavit that led to the search of Plaintiffs' residence without probable cause.

c. Denial of Fourth, and Fourteenth Amendment rights by the use of excessive force during the search of Plaintiffs' residence and the seizing Plaintiffs' person.

34. Plaintiffs timely filed a government tort claim as to STANISLAUS COUNTY, for the acts alleged herein, pursuant to California Tort Claims Act.

35. Plaintiffs timely filed a government tort claim as to CITY OF OAKDALE, for the acts alleged herein, pursuant to California Tort Claims Act.

**FIRST CAUSE OF ACTION**
**Violations of Constitutional Rights – Unlawful Search**
**(ALL DEFENDANTS EXCEPT COUNTY OF TUOLUMNE)**

36. PLAINTIFF refers to and incorporates herein Paragraphs 1 through 35 above.

37. As a direct and proximate result of Defendants' unlawful actions as alleged herein, Defendants, each of them except the COUNTY OF TUOLUMNE, deprived Plaintiffs of their Fourth Amendment right to be free from unreasonable search, unreasonable seizure.

38. Defendants' conduct was outrageous, intentional and malicious, or at the least grossly negligent, exhibiting a reckless disregard for Plaintiffs' rights.

39. Defendant's conduct, as herein alleged, was not privileged.

40. As a direct and proximate result of defendant's conduct, Plaintiffs were injured in mind and body and has suffered general damages in an amount to be determined by proof at trial.

41. By reason of the aforementioned despicable acts of Defendants, each of them except the COUNTY OF TUOLUMNE, Plaintiffs were prevented from attending to their usual business and thereby lost earnings and revenues in amounts not yet ascertained. Plaintiffs are informed, and believe and thereon allege that they will be deprived from attending to their usual

business for a period in the future which cannot yet be ascertained, and will thereby sustain further loss of earning in amounts according to proof.

42. As a further direct and proximate result of Defendants' unlawful actions as alleged herein, Plaintiffs suffered physical, garden variety emotional and other monetary damages entitling them to compensation, and damages under 42 U.S.C. §§ 1983 and 1988.

**SECOND CAUSE OF ACTION**
(Against DOES 21 through 30 for Damages for Excessive Force
in Violation of the 4th and 14th Amendments)

43. Plaintiffs hereby incorporate the allegations contained in paragraphs 1 through 42, inclusive.

44. DOES 21 through 30 entered Plaintiffs' residence, while dressed in black military strike team regalia with black ski masks, concealing their identity, physically tortured plaintiffs with automatic firearms by pointing and pressing the muzzle of their loaded firearms at and against plaintiffs, all of which amount to an unconstitutional use of excessive force.

45. By the actions of defendants DOES 21 through 30 as herein alleged, Defendants intentionally subjected Plaintiffs to an offensive contact and a reasonable fear of imminent harmful and offensive contact by Defendants towards Plaintiffs ' bodies without legal authority, justification, consent or excuse. As a proximate result of the actions of Defendants, as herein alleged, Plaintiffs suffered damages and injury for assault and battery amounting to excessive force in violation of the Fourth and Fourteenth Amendments in an amount according to proof at trial.

46. As a further direct and proximate result of Defendants' unlawful actions as alleged herein, Plaintiffs suffered physical, garden variety emotional and other monetary damages entitling them to compensation, and damages under 42 U.S.C. §§ 1983 and 1988.

**THIRD CAUSE OF ACTION**
**CONSPIRACY PURSUANT TO 42 U.S.C. § 1983**
**(ALL NATURAL PERSON DEFENDANTS)**

47. Plaintiffs refer to and incorporate herein the allegations in Paragraphs 1 through 46, inclusive.

48. In a combination of two or more persons, all natural person Defendants, each of them, acted in concert to commit an individual act, or a lawful act by unlawful means, to deprive plaintiff of a protected right and to inflict a wrong against or injury upon Plaintiffs. In committing the individual act, or a lawful act by unlawful means, the Defendants made an agreement to inflict a wrong against, or injury upon, Plaintiffs.

49. Defendants obstructed justice by conspiring for the purpose of impeding, hindering, obstructing, or defeating, the due course of justice with intent to deny to the Plaintiffs their right to be free from unreasonable search and seizure and to be free from excessive force.

50. More particularly, based upon the facts contained within the search warrant affidavit that was presented to the Magistrate, by FORD on July 25, 2007, and evidence procured through discovery in the underlying criminal action, Plaintiffs allege the facts contained within the following paragraphs in a heightened pleading for their conspiracy claims:

51. On June 2, 2007, POOLEY walked by ONCC and observed the 'strong odor of marijuana' coming from inside its premises. At that time, POOLY observed that ONCC was an association of medical marijuana patients commonly known as a medical marijuana collective that was established under the provisions of the California Medical Marijuana Program Act. POOLEY, thereafter engaged in a criminal investigation against ONCC;

52. On June 4, 2007, GUFFEY and FORD conducted surveillance of ONCC, and observed that ONCC was an association of medical marijuana patients commonly known as a medical marijuana collective that was established under the provisions of the California Medical Marijuana Program Act. They also observed the 'strong odor of marijuana' coming from inside its premises of ONCC;

53. On June 6, 2007, two or more of DOES 11-38, conducted surveillance of ONCC, and observed that ONCC was an association of medical marijuana patients commonly known as a medical marijuana collective that was established under the provisions of the California Medical Marijuana Program Act;

54. On July 10, 2007, two or more of DOES 11-38, conducted surveillance of ONCC, and observed that ONCC was an association of medical marijuana patients commonly known as a medical marijuana collective that was established under the provisions of the California Medical Marijuana Program Act. Additionally, the same defendants arranged for a CRI to join ONCC, and to procure marijuana from ONCC. When the CRI applied for a membership to CNCC, the CRI was required to present valid identification, and was required to present a valid Physician's recommendation/approval for the medical use of marijuana, or a valid medical marijuana identification card issued by the State of California. The CRI was also required to agree to ONCC membership rules and regulations, and to a formal association with all other qualified members of ONCC who have associated through ONCC in order to collectively cultivate marijuana for medical purposes under the authority provided by California Health and Safety Code § 11362.775. The marijuana that the CRI procured from ONCC was clearly labeled 'for medical use only.' The CRI also reported that ONCC operated in a manner that was the same as those operating procedures of another medical marijuana collective that was identified as California Health Collective (CHC). Furthermore, the CRI reported evidence of direct links between ONCC and CHC;

55. On July 18, 2007, TOSTA contacted Stanislaus County Counsel, at which time TOSTA was informed by County Counsel that "Stanislaus County does not recognize or permit business engaged in the sale of 'medical marijuana' within the County."

56. On July 18, 2007, FORD contacted the OAKDALE city manager, at which time FORD was informed by the OAKDALE city manager that "the CITY OF OAKDALE does not recognize or permit business engaged in the sale of 'medical marijuana' within the City."

57. On July 23, 2007, two or more of DOES 11-38, conducted surveillance of ADDISON's residence. They observed ADDISON traveling to and from ONCC, carrying a backpack;

58. All natural person Defendants, each of them, possessed knowledge that the California Health Collective (CHC) was an association of medical marijuana patients and caregivers that was operating under California State Law within the provisions of the California Medical Marijuana Program Act.

59. All natural person Defendants, each of them, are members of various law enforcement associations including, but not limited to, the California Narcotics Officers Association, and the California Peace Officers Association, wherein the Defendants, each of them, have received training and/or direction on how to eradicate medical marijuana dispensaries, which were formed and/or operating under the provisions of the California Medical Marijuana Program Act. During meetings, seminars and other like gatherings, the Defendants made agreements, and plans towards the unlawful searches and/or seizures of medical marijuana collectives and cooperatives, including those operating medical marijuana collectives and cooperatives commonly known as medical marijuana dispensaries.

60. Between June 2, 2007 and July 25, 2007, Defendants, while investigating the case prior to obtaining the search warrant, while out in the field and in their respective offices, and other places, agreed to conceal and/or omit any evidence plainly relevant to CHC's compliance with the MMPA, which would negate probable cause for a search, in an effort to mislead the judge in securing a search warrant, despite their knowledge that CHC was an

association of medical marijuana patients and caregivers that was operating under California State Law within the provisions of the California Medical Marijuana Program Act.

61. Defendants intentionally concealed and/or omitted any evidence negating probable cause as part of their efforts to eradicate medical marijuana dispensaries.

62. Two or more of the natural person Defendants agreed to submit within the search warrant affidavit statements, only those parts of the observations the CRI made while the CRI was engaged in his 'controlled buy,' in which the CRI described as observing some "props and displays of soaps and/or lotions in the front lobby," "completed paperwork," observing approximately two pounds of marijuana, and purchased an undisclosed amount of marijuana and then exited the business," while omitting the CRI's observations that were plainly relevant to CHC's compliance with the MMPA, which would negate probable cause for a search.

63. Two or more natural person Defendants, agreed to submit, and submitted, an affidavit in support of probable for the search warrant, which omitted all exculpatory observations and evidence which would establish that ADDISON and ONCC were engaged in the lawful distribution of marijuana under the provisions of the Medical Marijuana Program Act. The Defendants omitted evidence that when their CRI applied for a membership to CNCC, the CRI was required to present valid identification, and was required to present a valid Physician's recommendation/approval for the medical use of marijuana, or a valid medical marijuana identification card issued by the State of California, that the CRI was also required to agree to ONCC membership rules and regulations, and to a formal association with all other qualified members of ONCC who have associated through ONCC in order to collectively cultivate marijuana for medical purposes under the authority provided by California Health and Safety Code § 11362.775. The Defendants also omitted that the marijuana that the CRI procured from ONCC was clearly labeled 'for medical use only.' Furthermore, they omitted all of the documentary evidence that the CRI receive when he/she applied for a membership to

ONCC. Finally they omitted evidence that provided links between CNCC and CHC, and the fact that CHC was a known lawful medical marijuana collective.

64. Instead all natural person Defendants, each of them, agreed to submit, and submitted, an affidavit in support of probable for the search warrant which alleged only that evidence demonstrating that ADDISON and ONCC were engaged in the unlawful sales/distribution of marijuana, while omitting all evidence that would entitle ADDISON to the immunities provided by the California Medical Marijuana Program Act.

65. On, May 12, 2009, ADDISON, through his criminal defense counsel, filed his motion to quash and traverse search warrant, on the grounds that the search warrant affidavit contained material misstatements and omissions; and upon excision of the misstatements and omissions, the affidavit fails to allege sufficient credible evidence to establish probable cause to believe that evidence of criminal activity would be located within the locations to be searched, including Plaintiffs' residence.

66. On, October 16, 2009, the California Superior Court, granted ADDISON's, motion to quash and traverse search warrant, and dismissed the underlying criminal action.

67. The prosecution did not appeal the October 16, 2009, Order quashing the search warrant and dismissing the underlying criminal action.

68. As a result of the Defendants' acts, PLAINTFFS were deprived of their constitutional right to be free from unlawful searches and seizures, and their right to be free from violence or intimidation and excessive force.

69. Defendants' conduct was not only outrageous, it was intentional and malicious, exhibiting a reckless disregard for PLAINTIFFS' rights, causing PLAINTIFFS to suffer humiliation, garden variety mental anguish, stress and garden variety emotional and physical distress and PLAINTIFFS were injured financially, and injured in mind and body, all to their damage in amounts according to proof. Defendants were therefore guilty of malice, oppression

amounting to despicable conduct entitling them to compensation under 42 U.S.C. Section 1983 according to proof, as well as reasonable attorneys fees incurred in pursuing these claims under 42 U.S.C. Section 1988.

**FOURTH CAUSE OF ACTION**
**VIOLATION OF CONSTITUTIONAL RIGHTS BY FAILING TO ADEQUATELY TRAIN AND SUPERVISE AGENTS**
Entitling relief under 42 U.S.C. Sections 1983 and 1988
(DEFENDANTS: STANISLAUS and OAKDALE)

70. Plaintiffs refer to and incorporate herein the allegations in Paragraphs 1 through 69 above.

71. Defendants, STANISLAUS and OAKDALE had knowledge of the constitutional violations alleged herein, and/or should have known, and had constructive knowledge of the constitutional violations, because the violations were so prevalent that the supervisor should have known of them in the proper exercise of his duties.

72. Defendants, STANISLAUS and OAKDALE, failed to rectify the violations, and failed to adequately train or supervise subordinate employees in order to prevent the constitutional violations.

73. More particularly, Defendant, OAKDALE, maintained an unconstitutional policy and unlawful policy in that "the CITY OF OAKDALE does not recognize or permit business engaged in the sale of 'medical marijuana' within the City," as communicated by the Oakdale city manager to FORD.

74. FORD alleged the CITY OF OAKDALE's policy regarding the prohibition of medical marijuana collectives, in the July 25, 2007, Statement of Probable Cause, while further stating, "Based upon my conversation with City Manager Hallam, it is clear to me the business "Oakdale Natural Choice Collective" is Operating illegally within the City of Oakdale." Thus, the CITY OF OAKDALE's policy is directly linked to the unlawful search and seizures of Plaintiffs as alleged herein.

75. Defendant, STANISLAUS, maintained an unconstitutional policy and unlawful policy in that “the STANISLAUS COUNTY does not recognize or permit business engaged in the sale of ‘medical marijuana’ within the County,” as communicated by STANISLAUS County Counsel to TOSTA.

76. FORD alleged STANISLAUS’s policy regarding the prohibition of medical marijuana collectives, in the July 25, 2007, Statement of Probable Cause. Thus, STANISLAUS’ policy is directly linked to the unlawful search and seizures of Plaintiffs as alleged herein.

77. As a direct and proximate result of defendant’s unlawful actions as alleged herein, PLAINTIFFS were deprived of their Fourth Amendment Right to be free from unreasonable search and seizure and to be free from excessive force as applied to the states under the Fourteenth Amendment.

78. The CITY OF OAKDALE, trained a militarized police force which was called the Oakdale Special Weapons and Tactics Team (O-SWAT). The police officers that were members of O-SWAT were trained by the CITY OF OAKDALE, and/or by policy allowed to: invade a person’s residence, dressed in black military strike team regalia with black ski masks and automatic weapons; to conceal their identity; to employ techniques designed to physically and psychologically torture persons, and to instill fear of grave harm into persons; and to assault and batter persons with automatic firearms by pointing and pressing the muzzle of their loaded firearms at and against a person, regardless of the totality of the circumstances encountered at the scene of their assault.

79. DOES 21 through 30 were official agents of OAKDALE and the Oakdale Special Weapons and Tactics Team.

80. On July 31, 2007, DOES 21 through 30, invaded Plaintiffs’ residence, while engaging in acts of terrorism, psychologically torturing plaintiffs, including children, by smashing into plaintiffs’ home, while dressed in black military strike team regalia with black ski

masks, concealing their identity, then by physically torturing plaintiffs with automatic firearms by pointing and pressing the muzzle of their loaded firearms at and against plaintiffs, all of which amount to an unconstitutional use of excessive force.

81. As a further direct and proximate result of defendants' unlawful actions as alleged herein, PLAINTIFFS suffered damages entitling them to compensation under 42 U.S.C. Section 1983 according to proof, as well as reasonable attorneys fees incurred in pursuing these claims under 42 U.S.C. Section 1988.

**FIFTH CAUSE OF ACTION**

(Against DOES 21 through 30 for Damages for Assault)

82. Plaintiffs hereby incorporate the allegations contained in paragraphs 1 through 81, inclusive.

83. By the actions of Defendants DOES 21 through 30, as herein alleged, Defendants intentionally subjected Plaintiffs to a reasonable fear of imminent harmful and offensive contact by Defendants towards Plaintiffs' bodies without legal authority, justification, consent or excuse.

84. By reason of the aforementioned despicable acts of Defendants, each of them, Plaintiffs were suffered physical, garden variety emotional and other monetary damages entitling them to compensation, and damages under the California Tort Claims Act, for damages and injuries resulting from the assault alleged herein in an amount according to proof at trial.

**SIXTH CAUSE OF ACTION**

(DOES 21 through 30 for Damages for Battery)

85. Plaintiffs hereby incorporate the allegations contained in paragraphs 1 through 84, inclusive.

86. PLAINTIFFS allege that Defendants DOES 21 through 30 committed a battery upon ADDISON's body on July 31, 2007 when in the course of detaining and searching

Plaintiffs, Defendants, named herein, thrust and pressed the muzzle of their loaded automatic firearms into the body of Plaintiff, ADDISON's body.

87. As a proximate result of the actions of these Defendants. As herein alleged, Plaintiff, ADDISON, suffered injuries.

88. By reason of the aforementioned despicable acts of Defendants, each of them, Plaintiff, ADDISON, suffered physical, garden variety emotional and other monetary damages entitling him to compensation, and damages under the California Tort Claims Act, for damages and injuries resulting from the battery alleged herein, in an amount according to proof at trial.

**SEVENTH CAUSE OF ACTION**

(Against FORD, GUFFEY, TOSTA and DOES 11 through 38, for Damages under California Civil Code Section *52 et seq*, and the California Tort Claims Act, for Violation of State Constitution Article I Section 13 by Presenting a False Affidavit in Support of Search Warrant and Executing the Search Warrants supported by the False Affidavit.)

89. Plaintiffs hereby incorporate the allegations contained in paragraphs 1 through 88, inclusive.

90. On July 31, 2007 Defendants, FORD, GUFFEY, TOSTA and DOES 11 through 38, executed a search warrant at Plaintiffs' residence and ADDISON's place of business, ONCC, within the County of Stanislaus, in which the warrant was obtained in violation of Article 1 § of the California Constitution, in that Defendant FORD presented to a Magistrate a false affidavit in support of the search warrant for plaintiffs' home in which the affidavit contained materially false information, and omissions, which without its inclusion in the supporting affidavit the warrant would not have issued. Said false statements were made in conscious disregard for the truth and or were deliberately made by FORD knowing said statements and omissions to be false.

91. FORD, GUFFEY, TOSTA and DOES 11 through 38 executed said search warrant and searched and seized Plaintiffs pursuant to said search warrant, with knowledge that the search warrant was supported by the false affidavit described herein.

92. Citizens have the right to be free of interference with legal rights as set forth in CCC. Section 52 *et seq*.

93. PLAINTIFFS contend that the defendants' actions have violated the California Bane Act, Civil Code Sections 52 *et seq.*

94. At all times relevant, PLAINTIFFS were exercising their rights under the 1996 California Compassionate Use Act, and the 2004 California Medical Marijuana Program Act.

95. Plaintiffs seek damages against defendants for interference with their rights under the California Constitution, the 1996 California Compassionate Use Act, and the 2004 California Medical Marijuana Program Act, as herein alleged.

96. By reason of the aforementioned despicable acts of Defendants, each of them, Plaintiffs were prevented from attending to their usual business and thereby lost earnings and revenues in amounts not yet ascertained. Plaintiffs are informed and believe and thereon allege that they will be deprived from attending to their usual business for a period in the future which cannot yet be ascertained, and will thereby sustain further loss of earnings in amounts according to proof.

97. As a further direct and proximate result of Defendants' unlawful actions as alleged herein, Plaintiffs suffered physical, garden variety emotional and other monetary damages entitling them to compensation, and damages under the California Tort Claims Act, for violations of their right to be free from unreasonable searches and seizures in violation of Article 1 § of the California Constitution, which are actionable under the California Bane Act, Civil Code Sections 52 *et seq*.

**DEMAND FOR JURY TRIAL**

PLAINTIFFS hereby demand a trial by jury on all of the above causes of action.

WHEREFORE, PLAINTIFFS pray for the following relief as to all causes of action:

A. A judgment awarding PLAINTIFFS general, damages to plaintiff in an amount

to be determined by the trier of fact as sufficient to compensate the plaintiff for the injuries described in this complaint;

B. An award of punitive damages to all causes of action excepting those against the herein named municipalities to plaintiff in an amount to be determined by the trier of fact as sufficient to punish each defendant against whom these damages are awarded and sufficient to deter similar conduct in the future by these defendants;

C. A judgment awarding PLAINTIFFS reasonable attorneys fees;

D. A judgment awarding PLAINTIFFS his costs of suit; and

E. Such other and further relief as the Court deems proper.

Dated: January 18, 2011

---------------/s/-----------------
**Rebecca P. Mendribil**
Attorney for Plaintiffs
ADDISON J. DEMOURA,
JESSICA DEMOURA,
and JOHN DOE

**DECLARATION OF SERVICE**

I, Rebecca P. Mendribil, declare as follows:

I am a resident of the State of California, residing or employed in Mendocino, California. I am over the age of 18 years and am not a party to the above-entitled action. My business address is 414 Aviation Blvd., Santa Rosa, CA 95403.

On January 18, 2011

**SECOND AMENDED COMPLAINT FOR DAMAGES FOR VIOLATION OF CIVIL RIGHTS AND DAMAGES FOR ASSAULT, BATTERY AND VIOLATIONS OF THE CALIFORNIA BANE ACT**

was filed and served upon the following parties via the Court's PACER-ECF electronic filing system.

**Kevin E. Gilbert**
Meyers Nave
555 12th Street
Suite 1500
Oakland, CA 94607

**Kimberly E. Colwell**
Meyers, Nave, Riback, Silver & Wilson
555 12th Street
Suite 1500
Oakland, CA 94607

Attorneys for **Gary Guffey, Jason Tosta, County of Stanislaus, County of Tuolumne, City of Oakdale and Andrew J. Ford**

**James Francis Wilson**
Office of the City Attorney
City of Modesto
1010 10th Street, Suite 6300
P.O. Box 642
Modesto, CA 95353

Attorney for **Gary Guffey and Andrew J. Ford**

**Eric Daniel Farrar**
Dan Farrar, Attorney at Law
600 East Main
Suite100
Turlock, CA 95380
Attorney for **County of Stanislaus**

**James Thomas Anwyl**
Anwyl Scoffield & Stepp, LLP
3043 Gold Canal Drive, Suite 100

Rancho Cordova, Ca 95670
P.O. Box 269127
Sacramento, CA 95826-9127
Attorney for **County of Tuolumne and Andrew J. Ford**

**Bradley A. Post**
Borton Petrini, LLP
1104 12th Street
Modesto, CA 95354
Attorney for **County of Tuolumne**

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed this 18th day of January, 2011, at Sonoma County, California.

---------------/s/-------------------
Rebecca P. Mendribil