1  Bradley A. Post, Esq.  State Bar No. 127028
   John J. Hollenback, Jr., Esq.   State Bar No. 66215
2  Stephanie Y. Wu, Esq. State Bar No. 268948
   **BORTON PETRINI, LLP**
3  1104 12th Street
   Modesto, California  95354
4  Telephone: (209) 576-1701
   Facsimile:  (209) 527-9753
5
   *Attorneys for Defendant*
6  CITY OF OAKDALE

7

8              UNITED STATES DISTRICT COURT FOR THE

9                 EASTERN DISTRICT OF CALIFORNIA

10                        FRESNO DIVISION

11 | ADDISON J. DEMOURA, JESSICA      | Case No. 1:09–cv–01344–LJO-SKO
   | DEMOURA, and JOHN DOE, A Minor   |
12 | through his Guardian ad Litem, ADDISON J. | **STIPULATION AND ORDER RE**
   | DEMOURA,                         | **LIMITATION OF DAMAGES**
13 |                                  |
                    *Plaintiffs*
14

15 vs.

16 ANDREW J. FORD, WILLIAM POOLEY,
   GARY J. GUFFEY, JASON TOSTA,
17 COUNTY OF STANISLAUS, COUNTY OF
   TUOLUMNE, CITY OF OAKDALE, AND
18 DOES 1 through 40,

19                 *Defendants.*

20

21                         **STIPULATION**

22
           WHEREAS, all parties to the above-entitled action, by and through their counsel of record,
23
   met and conferred on January 6, 2012;
24
           WHEREAS, all parties to the above-entitled action, by and through their counsel of record,
25
   discussed issues relating to Plaintiffs' recovery of damages against Defendants;
26
           IT IS HEREBY stipulated, by and between the parties to this action, that Plaintiffs
27
   ADDISON DEMOURA, JESSICA DEMOURA and JOHN DOE (collectively "Plaintiffs") recovery
28

of damages are limited as follows:

1. Plaintiffs ADDISON DEMOURA, JESSICA DEMOURA and JOHN DOE hereby waive any right or claim they may have to recover any damages relating to or arising out of the operation of Oakdale Natural Choice Collective, against any defendants, including those who are presently, or in the future may become, a party to this action;

2. Plaintiff ADDISON DEMOURA hereby waives any rights or claim he may have to recover special damages against any defendants, including those who are presently, or in the future may become, a party to this action;

3. Plaintiff ADDISON DEMOURA's recovery of damages is limited solely to general and punitive damages (as to the non- *Monell* claims) arising out of the execution of the search warrant and events connected to the execution of the search warrant at Plaintiffs' residence on July 31, 2007; however, Plaintiffs will not be precluded from offering any otherwise admissible evidence that was in the possession of Defendants presenting the search warrant affidavit to the magistrate that demonstrated ONCC may have been operating in accordance with California's medical marijuana laws; and

4. Plaintiff JESSICA DEMOURA's recovery of damages is limited solely to general and punitive damages (as to the non- *Monell* claims) arising out of (a) claims arising out of the execution of the search warrant and events connected to the execution of the search warrant at Plaintiffs' residence on July 31, 2007, and (b) lost earnings relating to her employment as a Mary Kay consultant and medical billing associate.

***IT IS SO STIPULATED***.

**LAW OFFICE OF REBECCA P. MENDRIBIL**

Dated: January 10, 2012         By: /s/
                                Rebecca P. Mendribil, Esq.
                                *Attorneys for Plaintiffs,*
                                ADDISON J. DEMOURA, JESSICA DEMOURA,
                                and JOHN DOE, a minor

**BORTON PETRINI, LLP.**

Dated: January 10, 2012          By: /s/_____
                                     Bradley A. Post, Esq.
                                     Stephanie Y. Wu, Esq.
                                     *Attorneys for Defendant*,
                                     CITY OF OAKDALE

**MEYERS, NAVE, RIBACK, SILVER & WILSON**

Dated: January 10, 2012          By: /s/_____
                                     Kevin E. Gilbert, Esq.
                                     Kimberly E. Colwell, Esq.
                                     *Attorneys for Defendant,*
                                     JASON TOSTA

**ANWYL SCOFFIELD & STEPP, LLP**

Dated: January 10, 2012          By: /s/_____
                                     James T. Anwyl, Esq.
                                     Lynn A Garcia, Esq.
                                     *Attorneys for Defendant,*
                                     ANDREW J. FORD

**LAW OFFICE OF DANIEL FARRAR**

Dated: January 10, 2012          By: /s/_____
                                     Eric Daniel Farrar, Esq.
                                     *Attorneys for Defendant,*
                                     COUNTY OF STANISLAUS

# **ORDER**

Pursuant to the stipulation of the parties in this action, IT IS HEREBY ORDERED that:

1. Plaintiffs ADDISON DEMOURA, JESSICA DEMOURA and JOHN DOE waive any right or claim they may have to recover any damages relating to or arising out of the operation of Oakdale Natural Choice Collective (ONCC), against any Defendants, including those who are presently, or in the future may become, a party to this action;

2. Plaintiff ADDISON DEMOURA waives any rights or claim he may have to recover special damages against any Defendants, including those who are presently, or in the future may become, a party to this action;

3. Plaintiff ADDISON DEMOURA's recovery of damages is hereby limited solely to general and punitive damages (as to the non-*Monell* claims) arising out of the execution of the search warrant and events connected to the execution of the search warrant at Plaintiffs' residence on July 31, 2007; however, Plaintiffs will not be precluded from offering any otherwise admissible evidence that was in the possession of Defendants who presented the search warrant affidavit to the magistrate judge that demonstrated ONCC may have been operating in accordance with California's medical marijuana laws; and

4. Plaintiff JESSICA DEMOURA's recovery of damages is hereby limited solely to general and punitive damages (as to the non-*Monell* claims) arising out of (a) claims arising out of the execution of the search warrant and events connected to the execution of the search warrant at Plaintiffs' residence on July 31, 2007, and (b) lost earnings relating to her employment as a Mary Kay consultant and medical billing associate.

***IT IS SO ORDERED.***

IT IS SO ORDERED.

Dated:   January 23, 2012              /s/ Sheila K. Oberto
                                       UNITED STATES MAGISTRATE JUDGE