Bradley A. Post, Esq.  State Bar No. 127028
John J. Hollenback, Jr., Esq.   State Bar No. 66215
Stephanie Y. Wu, Esq. State Bar No. 268948
**BORTON PETRINI, LLP**
1104 12th Street
Modesto, California  95354
Telephone: (209) 576-1701
Facsimile:  (209) 527-9753

*Attorneys for Defendant*
CITY OF OAKDALE

## UNITED STATES DISTRICT COURT FOR THE

## EASTERN DISTRICT OF CALIFORNIA

## FRESNO DIVISION

| | |
|---|---|
| ADDISON J. DEMOURA, JESSICA DEMOURA, and JOHN DOE, A Minor through his Guardian ad Litem, ADDISON J. DEMOURA,<br><br>*Plaintiffs*<br><br>vs.<br><br>ANDREW J. FORD, WILLIAM POOLEY, GARY J. GUFFEY, JASON TOSTA, COUNTY OF STANISLAUS, COUNTY OF TUOLUMNE, CITY OF OAKDALE, AND DOES 1 through 40,<br><br>*Defendants.* | Case No. 1:09–cv-01344–LJO-SKO<br><br>**STIPULATION AND ORDER RE LIMITATION OF DAMAGES** |

## STIPULATION

WHEREAS, all parties to the above-entitled action, by and through their counsel of record, met and conferred on January 6, 2012;

WHEREAS, all parties to the above-entitled action, by and through their counsel of record, discussed issues relating to Plaintiffs' recovery of damages against Defendants;

IT IS HEREBY stipulated, by and between the parties to this action, that Plaintiffs ADDISON DEMOURA, JESSICA DEMOURA and JOHN DOE (collectively "Plaintiffs") recovery

of damages are limited as follows:

      1.    Plaintiffs ADDISON DEMOURA, JESSICA DEMOURA and JOHN DOE hereby waive any right or claim they may have to recover any damages relating to or arising out of the operation of Oakdale Natural Choice Collective, against any defendants, including those who are presently, or in the future may become, a party to this action;

      2.    Plaintiff ADDISON DEMOURA hereby waives any rights or claim he may have to recover special damages against any defendants, including those who are presently, or in the future may become, a party to this action;

      3.    Plaintiff ADDISON DEMOURA's recovery of damages is limited solely to general and punitive damages (as to the non-*Monell* claims) arising out of the execution of the search warrant and events connected to the execution of the search warrant at Plaintiffs' residence on July 31, 2007; however, Plaintiffs will not be precluded from offering any otherwise admissible evidence that was in the possession of Defendants presenting the search warrant affidavit to the magistrate that demonstrated ONCC may have been operating in accordance with California's medical marijuana laws; and

      4.    Plaintiff JESSICA DEMOURA's recovery of damages is limited solely to general and punitive damages (as to the non-*Monell* claims) arising out of (a) claims arising out of the execution of the search warrant and events connected to the execution of the search warrant at Plaintiffs' residence on July 31, 2007, and (b) lost earnings relating to her employment as a Mary Kay consultant and medical billing associate.

***IT IS SO STIPULATED***.

                                                          **LAW OFFICE OF REBECCA P. MENDRIBIL**

Dated: January 10, 2012                         By:  /s/
                                                            Rebecca P. Mendribil, Esq.
                                                            *Attorneys for Plaintiffs,*
                                                            ADDISON J. DEMOURA, JESSICA DEMOURA, and JOHN DOE, a minor

**BORTON PETRINI, LLP.**

Dated: January 10, 2012      By: /s/_____
      Bradley A. Post, Esq.
      Stephanie Y. Wu, Esq.
      *Attorneys for Defendant*,
      CITY OF OAKDALE

**MEYERS, NAVE, RIBACK, SILVER & WILSON**

Dated: January 10, 2012      By: /s/_____
      Kevin E. Gilbert, Esq.
      Kimberly E. Colwell, Esq.
      *Attorneys for Defendant,*
      JASON TOSTA

**ANWYL SCOFFIELD & STEPP, LLP**

Dated: January 10, 2012      By: /s/_____
      James T. Anwyl, Esq.
      Lynn A Garcia, Esq.
      *Attorneys for Defendant,*
      ANDREW J. FORD

**LAW OFFICE OF DANIEL FARRAR**

Dated: January 10, 2012      By: /s/_____
      Eric Daniel Farrar, Esq.
      *Attorneys for Defendant,*
      COUNTY OF STANISLAUS

## ORDER

Pursuant to the stipulation of the parties in this action, IT IS HEREBY ORDERED that:

1. Plaintiffs ADDISON DEMOURA, JESSICA DEMOURA and JOHN DOE waive any right or claim they may have to recover any damages relating to or arising out of the operation of Oakdale Natural Choice Collective (ONCC), against any Defendants, including those who are presently, or in the future may become, a party to this action;

2. Plaintiff ADDISON DEMOURA waives any rights or claim he may have to recover special damages against any Defendants, including those who are presently, or in the future may become, a party to this action;

3. Plaintiff ADDISON DEMOURA's recovery of damages is hereby limited solely to general and punitive damages (as to the non-*Monell* claims) arising out of the execution of the search warrant and events connected to the execution of the search warrant at Plaintiffs' residence on July 31, 2007; however, Plaintiffs will not be precluded from offering any otherwise admissible evidence that was in the possession of Defendants who presented the search warrant affidavit to the magistrate judge that demonstrated ONCC may have been operating in accordance with California's medical marijuana laws; and

4. Plaintiff JESSICA DEMOURA's recovery of damages is hereby limited solely to general and punitive damages (as to the non-*Monell* claims) arising out of (a) claims arising out of the execution of the search warrant and events connected to the execution of the search warrant at Plaintiffs' residence on July 31, 2007, and (b) lost earnings relating to her employment as a Mary Kay consultant and medical billing associate.

*IT IS SO ORDERED.*

IT IS SO ORDERED.

Dated:   January 23, 2012              /s/ Sheila K. Oberto
                                       UNITED STATES MAGISTRATE JUDGE

K:\SKO\To_Be_Signed\09cv1344.o.StipDamagesLimitation.Demoura.mam.wpd

4

**STIPULATION AND ORDER RE LIMITATION OF DAMAGES**