# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADDISON J. DEMOURA, et al., | CASE NO. 1:09-cv-01344-LJO-SKO |
| Plaintiffs, | **ORDER DENYING DEFENDANT TOSTA'S REQUEST FOR CLIENT REPRESENTATIVE TO APPEAR TELEPHONICALLY AT SETTLEMENT CONFERENCE** |
| v. | |
| ANDREW J. FORD, et al., | |
| Defendants. / | (Docket No. 181) |

On May 16, 2012, counsel for Defendant Jason Tosta ("Tosta") filed a request to allow Tosta's "client representative," James Wilson ("Mr. Wilson"), to appear telephonically at the settlement conference set for June 14, 2012. (Doc. 181.) Tosta's request asserts that he "was only peripherally involved in the events leading up to Plaintiffs' claims," that Tosta is "an employee of the City Turlock," that he "will not be making any financial contribution to the settlement of this matter," and that "[a]ny settlement will come from the public entities." (Doc. 181, 2:3-6.)

Tosta's counsel indicates that "any possible settlement in this case will require approval by the Board of the public entity." (Doc. 181, 2:8-9.) As such, Tosta asserts that "having the representative available by phone" instead of in person "will not advance the timing of any settlement." (Doc. 181, 2:8-10.) Tosta's counsel thus requests that attorney "James Wilson, the client representative, be allowed to appear by telephone if any additional authority is needed." (Doc. 181, 2:7-8.)

On May 16, 2012, the Court issued an Order re: Settlement Conference. (Doc. 182.) At all settlement conferences, the Court requires that "[t]he attorneys who will try the case shall appear . . . with the parties **and the person or persons having full authority to negotiate and settle the case** at the conference." (Doc. 182, 1:18-20 (emphasis added).)

Although Tosta's request to allow the client representative, Mr. Wilson, to appear telephonically at the settlement conference does not expressly indicate Mr. Wilson's role in these negotiations, Tosta notes that Mr. Wilson will need to be contacted "if any additional authority is needed." (Doc. 181, 2:8.) Accordingly, Mr. Wilson's presence appears to be necessary, since he is identified as the person who has "additional authority" (Doc. 181, 2:8), and thus appears to be the "person . . . having full authority to negotiate" this action. (Doc. 182, 1:18-20.) If Mr. Wilson is not the person with settlement authority, Tosta's request fails to identify who has the authority to negotiate this case on the client's behalf or who will be appearing at the settlement conference in place of Mr. Wilson. As such, pursuant to the Order re: Settlement Conference (Doc. 182), Mr. Wilson's in-person attendance at the settlement conference is required.

Accordingly, IT IS HEREBY ORDERED that Tosta's request to allow client representative James Wilson appear telephonically at the settlement conference is DENIED.

IT IS SO ORDERED.

**Dated:     May 21, 2012**                             /s/ Sheila K. Oberto
                                                                       UNITED STATES MAGISTRATE JUDGE