UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADDISON J. DEMOURA, *et al.*,<br><br>        *Plaintiffs*,<br><br>  v.<br><br>ANDREW J. FORD, *et al.*,<br><br>        *Defendants.* | Case No. 1:09-cv-01344 LJO SKO<br><br>**ORDER OVERRULING DEFENDANT FORD'S OBJECTION TO PLAINTIFFS' REQUEST FOR JUDICIAL NOTICE (DOC. 205).** |

    The Court has reviewed Defendant Andrew J. Ford's objection to the consideration of Plaintiffs' request for judicial notice, Doc. 205 (objecting to Doc. 204), and Plaintiffs' response thereto, Doc. 212. Although the objected-to documents were not uploaded to ECF prior to the court-ordered deadline of midnight on July 16, 2012, Plaintiffs' counsel has demonstrated that she twice attempted to file the documents, once just prior to and once a few minutes after the deadline, but that the ECF system returned unexplained errors. *See* Docs. 212-1, 212-2. There was no Court-announced ECF outage on the night of July 16, 2012. However, Local Rule 134(a)(1) explains that where an ECF technical failure not announced on the Court's website causes a filing delay, the delayed party "must file the document as promptly as possible and seek appropriate relief from the Court."[1] Because of her trial schedule, counsel

---

[1] Local Rule 134(c) provides that "[i]f filing is impossible due to CM/ECF failure, counsel shall timely serve the document directly on all counsel in the action by email, overnight delivery, or other

1

could not attempt to docket the documents again until the following afternoon, July 17, 2012, at which time she successfully uploaded the documents to the ECF system. *See* Doc. 212 ¶ 13.[2] In light of counsel's representations and the absence of any indication of prejudice to Defendant, Plaintiffs have demonstrated excusable neglect justifying the late filing. The documents will be considered. Defendant Ford's objection is OVERRULED.

**SO ORDERED**
**Dated: July 25, 2012**

                                      **/s/ Lawrence J. O'Neill**
                                      **United States Difstrict Judge**

---

expeditious means appropriate to the circumstances." Plaintiffs' counsel has not explained why she failed to serve the parties by alternative means when CM/ECF failed. Such failure will not be tolerated in the future.

[2] The same day, co-Defendant City of Oakdale sought and received a stipulation from Plaintiffs' counsel permitting Oakdale's late filing of evidence in support of its Motion for Summary Judgment.  Doc. 208.