# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADDISON J. DEMOURA, et al.,<br><br>    Plaintiffs,<br><br> v.<br><br>ANDREW J. FORD, et al.,<br><br>    Defendants.<br>_____/ | CASE NO. 1:09-cv-01344-LJO-SKO<br><br>**FINDINGS AND RECOMMENDATIONS THAT THE APPLICATION FOR MINOR'S COMPROMISE OF CLAIM OF JOHN DOE BE GRANTED**<br><br>**OBJECTIONS DUE: 5 DAYS** |

## I. INTRODUCTION

On September 6, 2012, settlement proceedings were held in this case before Magistrate Judge Sheila K. Oberto, and the case settled. (Docs. 245-48.) On September 20, 2012, Plaintiffs Addison Demoura ("Addison"), Jessica Demoura ("Jessica") and John Doe ("Minor Plaintiff Doe" or, collectively, "Plaintiffs") filed an Application for Order Approving Minor's Compromise of Claims (the "Minor's Petition"). (Doc. 249.) Addison, as the court-appointed guardian *ad litem* of the named Minor Plaintiff Doe, seeks approval of the proposed settlement between Plaintiffs and Defendants Andrew Ford ("Ford"), Jason Tosta ("Tosta")[1], County of Stanislaus ("Stanislaus"), and City of Oakdale ("Oakdale" or, collectively, "Defendants"). No opposition has been filed.

The Court has reviewed the Minor's Petition and supporting documents and determined that this matter is suitable for decision without oral argument pursuant to the Local Rules of the United States District Court, Eastern District of California, Rule 230(g). For the reasons set forth below, the Court RECOMMENDS that the Application for Order Approving Minor's Compromise of Claims (Doc. 249) be APPROVED and GRANTED.

---

[1] References to Defendant Tosta are for the purposes of summarizing the facts and proceedings of this action. The settlement agreement reached by the parties establishes that Tosta will be dismissed from this case without any payment on the part of Tosta.

## II. FACTUAL BACKGROUND

Plaintiffs' initial complaint was filed on July 31, 2009. (Doc. 1.) The current operative complaint is the fifth amended complaint, filed on January 27, 2012, against Defendants Ford, Tosta, Stanislaus, and Oakdale. (Doc. 164.)

This action arises out of the alleged unlawful execution of search warrants. Pursuant to the fifth amended complaint, Plaintiffs allege that on July 25, 2007, Defendant Ford, a police officer, presented to a magistrate judge a statement of probable cause in support of a search warrant for the search of Plaintiffs' residence and Addison's place of business, which operated under the business name Oakdale Natural Choice Collective ("ONCC"). (Doc. 164, ¶¶ 14, 33-35.) Plaintiffs assert that Ford's affidavit contained material misstatements and omissions, that it failed to allege sufficient credible evidence to establish probable cause for the search, and that Ford and Tosta agreed to present to the magistrate judge the affidavit knowing that it contained material misstatements and omissions. (Doc. 164, ¶¶ 33-35.)

Plaintiffs allege that Defendants possessed facts that ONCC "may have been an association of medical marijuana patients commonly known as a medical marijuana collective that was established under the provisions of the California Medical Marijuana Program Act." (Doc. 164, ¶ 63.) During a multi-agency investigation of the ONCC, Plaintiffs claim that a confidential informant procured marijuana that was "clearly labeled 'for medical use only.'" (Doc. 164, ¶ 66.) Plaintiffs allege that the confidential informant "reported that ONCC operated in a manner that was the same as those operating procedures of another medical marijuana collective that was identified as the California Health Collective" ("CHC"), and that "[a]ll natural person Defendants" were aware that the CHC "was an association of medical marijuana patients and caregivers operating under California State Law within the provisions of the California Medical Marijuana Program Act" ("MMPA"). (Doc. 164, ¶¶ 66, 70.)

Plaintiffs claim that Defendants, prior to obtaining the search warrant, "agreed to conceal and/or omit any evidence plainly relevant to CHC's compliance with the MMPA, which would negate probable cause for the search, in an effort to mislead the judge in securing a search warrant." (Doc. 164, ¶ 72.) Plaintiffs allege that the affidavit submitted in support of the search warrant

"omitted all exculpatory observations and evidence which would establish that Addison and ONCC were engaged in the lawful distribution of marijuana under the provisions of the Medical Marijuana Program Act." (Doc. 164, ¶ 75.)

On July 31, 2007, the search warrant was executed and Plaintiffs' residence was searched. (Doc. 164, ¶¶ 36-38.) Plaintiffs were allegedly detained "with the use of handcuffs, and a threat of lethal force, and force involving the pressing of the muzzle of their automatic firearms against Addison's person, and pointing their automatic firearms at Plaintiffs." (Doc. 164, ¶ 39.) Minor Plaintiff Doe, who was 2 years and eight months old at the time, was present when Plaintiffs' residence was searched. (*See* Doc. 249, ¶ 3.) While Plaintiffs allege that Minor Plaintiff Doe "suffered physical and psychological trauma" due to Defendants' conduct, Plaintiffs do not allege any specific injury suffered by Minor Plaintiff Doe and the prayer for relief seeks only general and punitive damages as related to the Minor Plaintiff. (Doc. 164, ¶ 8, p. 24.)

On May 12, 2009, in the criminal prosecution resulting from evidence obtained during the searches, Addison filed a motion to quash and traverse the search warrant "on the grounds that the search warrant affidavit contained material misstatements and omissions" and thus failed to allege sufficient credible evidence to establish probable cause. (Doc. 164, ¶ 77.) On October 16, 2009, the California Superior Court granted Addison's motion and dismissed the underlying criminal action. (Doc. 164, ¶ 78.) The prosecution did not appeal the order and dismissal. (Doc. 106, ¶ 79.)

Plaintiffs' suit is based upon the alleged unlawful search of their residence. Plaintiffs' fifth amended complaint alleges causes of action for (1) violation of Constitutional rights, unlawful search; (2) excessive force in violation of the Fourth and Fourteenth Amendments; (3) conspiracy; (4) violation of Constitutional rights by failing to adequately train and supervise; (5) assault; (6) battery; and (7) statutory and state constitutional violations based on presenting a false affidavit in support of a search warrant and executing a search warrant supported by the false affidavit. (Doc. 164.)

### III. DISCUSSION

**A.  Legal Standard for Compromise of Minor's Claim**

As a derivative of Federal Rule of Civil Procedure 17(c), district courts have a special duty to safeguard the interests of litigants who are minors. Rule 17(c) provides, in pertinent part, that a district court "must appoint a guardian *ad litem* – or issue another appropriate order – to protect a minor or incompetent person who is unrepresented in an action." Fed. R. Civ. P. 17(c). In the context of proposed settlements in suits involving minor plaintiffs, the district court's special duty requires it to "conduct its own inquiry to determine whether the settlement serves the best interests of the minor." *Robidoux v. Rosengren*, 638 F.3d 1177, 1181 (9th Cir. 2011) (quoting *Dacanay v. Mendoza*, 573 F.2d 1075, 1080 (9th Cir. 1978) (internal citation marks omitted)).

In *Robidoux*, the United States Court of Appeals for the Ninth Circuit provided specific guidance "on how to conduct this independent inquiry." *Robidoux*, 638 F.3d at 1181. While the Ninth Circuit noted that district courts have typically applied state law and the local rules governing the award of attorney's fees to make the reasonableness and fairness determination, the court held that "this approach places an undue emphasis on the amount of attorney's fees provided for in a settlement, instead of focusing on the net recovery of the minor plaintiffs under the proposed agreement." *Id.* The Ninth Circuit held that, instead, district courts should "limit the scope of their review to the question whether the net amount distributed to each minor plaintiff in the settlement is fair and reasonable, in light of the facts of the case, the minor's specific claim, and recovery in similar cases." *Id.* at 1181-82. Further, the fairness of each minor plaintiff's net recovery should be evaluated "without regard to the proportion of the total settlement value designated for adult co-plaintiffs or plaintiffs' counsel – whose interests the district court has no special duty to safeguard." *Id.* at 1182 (citing *Dacanay*, 573 F.2d at 1078).

Local Rule 202(b) sets forth that "[n]o claim by or against a minor or incompetent person may be settled or compromised absent an order by the Court approving the settlement or compromise." Local Rule 202(b)(2) further provides in pertinent part that an application for approval of a settlement of a minor:

> shall disclose, among other things, the age and sex of the minor or incompetent, the nature of the causes of action to be settled or compromised, the facts and

> circumstances out of which the causes of action arose, including the time, place and persons involved, the manner in which the compromise amount or other consideration was determined, including such additional information as may be required to enable the Court to determine the fairness of the settlement or compromise. . .

Here, the Minor's Petition sets forth that Minor Plaintiff Doe is currently 8 years of age and had been 2 years and 8 months old at the time the alleged unlawful search of Plaintiffs' residence took place. (Doc. 249, ¶¶ 1, 3.) The Minor's Petition presents the facts and circumstance of the case and indicates the manner in which a settlement was reached. (Doc. 249, ¶¶ 4-11.) Further, the Minor's Petition establishes that, out of the total global settlement amount of $41,000, Plaintiffs' counsel will receive $5,316.77 in costs and $14,273.29 in attorney's fees, which is 40% of the settlement amount after costs. (Doc. 249, ¶ 13.) Plaintiffs will receive a total net settlement in the amount of $21,409.94, of which Addison and Jessica will receive $14,273.30 and Minor Plaintiff Doe will receive $7,136.64. (Doc. 249, ¶¶ 13-15.) The Court must thus determine whether the amount allocated for the Minor Plaintiff is reasonable and fair.

**B.      The Reasonableness and Fairness of the Settlement Amount**

In *Robidoux*, the Ninth Circuit directed district courts considering the compromise of a minor's claim to examine the fairness and reasonableness of the net settlement amount in view of the facts of the case, the minor's specific claim, and the recovery in similar cases. *Robidoux*, 638 F.3d at 1181-82. Here, the settlement agreement was reached following an all-day settlement conference before Magistrate Judge Oberto. As such, Judge Oberto is familiar with the facts of this case and the representations made by the parties concerning the Minor Plaintiff Doe's injuries and damages.

The Court notes that Minor Plaintiff Doe was only 2 years and 8 months old at the time the incidents, upon which Plaintiffs' suit is based, occurred. (Doc. 249, ¶ 3.) Minor Plaintiff Doe does not seek any out-of-pocket medical expenses as a result of Defendants' purported actions. (*See* Doc. 164, p. 24; Doc. 249.) Further, the parties have represented that the Minor Plaintiff has little to no recollection of the actual events. The Minor's Petition sets forth that it is in Minor Plaintiff Doe's best interest to resolve the case pursuant to the terms of the settlement, and asserts that the settlement is fair and reasonable to the Minor Plaintiff under the circumstances of this case. (Doc. 249, ¶ 12.)

5

1    Plaintiffs filed this action in 2009, and the facts of the case were throughly investigated and
2 developed over the course of the litigation. The Court notes that Defendants Ford, Tosta, and
3 Oakdale had filed motions for summary judgment, as had Plaintiffs, and that there is always risk and
4 uncertainty regarding the outcome of those motions. (*See* Docs. 200-06.) A settlement, however,
5 ensures that the Minor Plaintiff receives compensation for his claims.

6    After reviewing the facts of this case, including that the Minor Plaintiff Doe was only 2 years
7 and 8 months of age at the time of the events and his recollection is limited, as well as considering
8 additional representations made by the parties during the settlement conference and recognizing the
9 uncertainty of further litigating the claims, the Court finds the settlement amount allotted to Minor
10 Plaintiff Doe of $7,136.64 to be fair and reasonable.

11    Pursuant to the terms requested in the Minor's Petition, Minor Plaintiff Doe's settlement
12 amount should be placed in an account subject to the California Uniform Transfer to Minors Act
13 ("CUTMA"), under California Probate Code Sections 3611(f) and 3900, et seq., and the transfer
14 should be irrevocable. Plaintiffs have designated Minor Plaintiff Doe's maternal grandmother,
15 Nicole James, as the custodian of the account. The settlement amount should be held in a CUTMA
16 account for the benefit of Minor Plaintiff Doe, and should be transferred to the Minor's custody when
17 he reaches the age of 18.

18 **IV.    CONCLUSION AND RECOMMENDATION**

19    Accordingly, the Court RECOMMENDS that:

20 1.    The proposed settlement between Minor Plaintiff John Doe and Defendants be
21       APPROVED as fair and reasonable;

22 2.    The Application for Order Approving Minor's Comprise of Claims as to Minor
23       Plaintiff John Doe be GRANTED;

24 3.    Minor Plaintiff John Doe receive $7,136.64 by way of settlement;

25 4.    Minor Plaintiff John Doe's settlement amount should be placed into a CUTMA
26       account, in accordance with Probate Code §§ 3611(f) and 3900 et. seq., for the
27       benefit of the Minor Plaintiff, and should be transferred to the Minor's custody at age
28       18; and

    5.    The named custodian of the CUTMA account should be Minor Plaintiff John Doe's maternal grandmother, Nicole Jones.

These findings and recommendations are submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304. Within five (5) days of service of this recommendation, any party may file written objections to these findings and recommendations with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the district judge's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

To expedite the resolution of these Findings & Recommendations, if the parties do not have any objections, they should each file a "Notice of Non-Objection to the Findings & Recommendations."

IT IS SO ORDERED.

**Dated:   October 9, 2012**　　　　　　　　　　　/s/ Sheila K. Oberto
　　　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE